IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DOREEN E. RUPERT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>(1) CAVALRY SPV I, LLC, AND )<br>(2) CAVALRY PORTFOLIO SERVICES, LLC. )<br>)<br>Defendants. ) | CIV-18-1055-F<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Doreen E. Rupert, and for her Complaint against Defendants, Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC, alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against Cavalry SPV I, LLC ("C-SPV") and Cavalry Portfolio Services, LLC (Cavalry), for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

    It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Oklahoma County, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendants are each a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant, Cavalry SPV I, LLC ("C-SPV"), is a Delaware limited liability company with its principal place of business at in Valhalla, New York. It does or transacts business in Oklahoma, having filed thousands of lawsuits against Oklahoma consumers in the Oklahoma state court system, while diverting most of the money that it collects out of state.

10. Defendant C-SPV is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11. Defendant C-SPV holds collection agency licenses from various states.

12. Defendant C-SPV is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors or by filing lawsuits.

13. Defendant C-SPV regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

14. Defendant, Cavalry Portfolio Services, LLC ("Cavalry"), is a Delaware limited liability company with its principal place of business at in Valhalla, New York. Cavalry does or transacts business in Oklahoma, though it has no employees here.

15. Defendant Cavalry is a collection agency and attempts to collect debts held in the name of C-SPV.

16. Defendant Cavalry holds collection agency licenses from various states.

17. Defendant Cavalry regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

18. On or about August 16, 2018, Defendants filed a lawsuit against Plaintiff in Washington County, Oregon, Case No. 18-CV-36436 (the "State Court Lawsuit").

19. The State Court Action Petition identified a defaulted, consumer Citibank credit card debt that Plaintiff opened in Oklahoma.

20. Plaintiff does not currently live in Oregon, nor has Plaintiff ever lived in Oregon.

21. Plaintiff resides in Oklahoma County.

22. Defendants, through their law firm, Machol & Johannes, LLC, served Plaintiff with the State Court Action Summons and Petition by sending the documents via USPS Certified Mail to a virtual mail box maintained by Plaintiff, but provided by <www.earthclassmail.com>, an Oregon mail service provider, located in Beaverton, Oregon.

23. It is a violation of the FDCPA for a debt collector to bring an action on a debt in a judicial district other that which the consumer signed the contract sued upon or one that the consumer resides at the commencement of the action. 15 U.S.C. §1692i(a).

24. Plaintiff learned of the State Court Action through her mail service provider.

25. Plaintiff has suffered actual damages as a result of these illegal collection actions by these Defendants in the form of anger, frustration, and legal fees incurred with counseling of the State Court Lawsuit.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

26. Defendants violated §1692i(a) by filing an action against Plaintiff in a judicial district that was not where Plaintiff signed any contract or where Plaintiff resided at the commencement of the action.

**WHEREFORE**, Plaintiff, Doreen E. Rupert, respectfully prays that judgment be entered against Defendants, Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC., severally, for the following:

a)  Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b)  Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c)  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

d)  Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
1625@paramount-law.net